**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD LEON GUY III,<br>Plaintiff,<br>v.<br>BBVA SEGUROS MEXICO et al.,<br>Defendants. | Case No.: 26-cv-03429-DMS-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*** |

On June 5, 2026, Plaintiff Edward Leon Guy III, proceeding *pro se*, filed this action against Defendants BBVA Seguros Mexico, S.A. de C.V., Grupo Financiero BBVA Mexico, Francisco Torres, Cassandra Angelica Alfonso Aranda, Rodrigo Morales Sanvicente, Rodriguez Curiel Karla Vanessa, and Does 1–10. (ECF No. 1 at 1). Plaintiff alleges various federal and state-law claims. (*Id.*). Although Plaintiff paid the filing fee in full, on June 15, 2026, he filed a Motion to Proceed *In Forma Pauperis*, which is currently pending before the Court. (Mot., ECF No. 3). On August 20, 2026, Plaintiff filed a First Amended Complaint. (ECF No. 4). For the following reasons, the Court denies Plaintiff's Motion.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (Mot. 1). However, the docket reflects that Plaintiff paid the $405 filing fee in full when he initiated this action on June 5, 2026. (*See* ECF No. 1-2). As § 1915 authorizes courts to allow a party to proceed "without prepayment of fees," any request that Plaintiff be excused from the filing fee is moot. § 1915(a)(1). Furthermore, Plaintiff's own figures do not support *IFP* status. Plaintiff reports $5,737 in average monthly income over the past twelve months from retirement and VA disability. (Mot. 1–2). Although Plaintiff does not list his VA disability as expected income for the next month, he reports that he does not expect any major changes to his income over the next twelve months and the Court proceeds with the understanding that his monthly income is $5,737. (*Id.* at 1–2, 5). Plaintiff states that he has $50 in cash and $949 in a checking account. (*Id.* at 2). Plaintiff itemizes monthly expenses for him and his spouse totaling $6,250, which he expects to reduce to $5,050. (*Id.* at 4–5). On this record and considering Plaintiff's payment of the filing fee, Plaintiff has not alleged poverty with the requisite "particularity, definiteness and certainty" to show he "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's Motion is denied.

---

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

## II. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge